OPINION
On January 30, 2001, Ohio State Highway Patrol Trooper Brian Darby stopped a vehicle for speeding wherein appellant, Antoni Nimely, was a front seat passenger. Trooper Darby approached the vehicle from the passenger side and noticed appellant's right arm straight down and concealed between his right thigh and the passenger door. Trooper Darby opened the door and observed appellant throw a little packet into the door's compartment. Trooper Darby picked up the item which he believed to be crack cocaine.
On January 31, 2001, the Ashland County Grand Jury indicted appellant on one count of possession of cocaine in violation of R.C. 2925.11. On March 9, 2001, appellant filed a motion to suppress claiming Trooper Darby did not have probable cause to stop the vehicle and the detention and search of the vehicle was illegal. A hearing was held on April 6, 2001. By judgment entry filed April 16, 2001, the trial court denied said motion.
On June 4, 2001, appellant pled no contest to the charge and the trial court found appellant guilty. By judgment entry filed July 6, 2001, the trial court sentenced appellant to a three year term of basic supervision which included sixty days of incarceration.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, WHEN IT FOUND THAT THE ARRESTING OFFICER HAD THE RIGHT TO OPEN THE PASSENGER DOOR OF THE DEFENDANT-APPELLANT'S VEHICLE AND SEIZED CONTRABAND ON THE BASIS THAT THE ARRESTING OFFICER CLAIMED THIS ACT WAS NECESSARY FOR OFFICER SAFETY.
 II. THE TRIAL COURT ERRED, AS A MATTER OF LAW, WHEN IT FOUND THAT A PACKAGE OF MATERIAL, LATER DETERMINED TO BE CRACK COCAINE, WAS SEIZED WITHOUT A WARRANT AND THE ARRESTING OFFICER DID NOT IMMEDIATELY DISCERN THE ITEM AS COCAINE UNTIL AFTER ITS SEIZURE.
 I, II
Appellant's assignments of error challenge the trial court's denial of his motion to suppress. Appellant claims Trooper Darby did not have a sufficient reasonable basis of criminal activity to open the passenger door and the seizure of the packet tossed into the door's compartment was not readily recognizable as contraband. We disagree.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19;State v. Klein (1991), 73 Ohio App.3d 485; State v. Guysinger (1993),86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v.Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993),85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held inOrnelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 OPENING OF THE PASSENGER DOOR
Appellant does not dispute that Trooper Darby had reasonable articulable facts under Terry v. Ohio (1968), 392 U.S. 1, to stop the vehicle for a speeding violation. The focus of our inquiry then is whether Trooper Darby had the right to ask appellant, a passenger, to exit the vehicle.
It is well settled law in the courts of Ohio that an officer may order the driver of a stopped vehicle out of the vehicle, pat the driver down and ask the driver to be seated in the police cruiser without any reasonable suspicion of criminal activity or concern for officer safety.State v. Evans (1993), 67 Ohio St.3d 405, citing the United States Supreme Court decision of Pennsylvania v. Mimms (1977), 434 U.S. 106.
In Terry and its progeny, courts have accepted the general theory that a casual encounter between the police and the public does not violate the Fourth Amendment. Consequently, an officer can ask a passenger for identification and can further conduct a pat down search under the theory of officer safety. In Maryland v. Wilson (1997), 519 U.S. 408, 415, the United States Supreme Court extended the Mimms holding, stating "[w]e therefore hold that an officer making a traffic stop may order passengers to get out of the car pending completion of the stop."
The facts sub judice go even further than just asking a passenger to step out of a vehicle. Appellant was observed by Trooper Darby as acting in a suspicious manner. While Trooper Darby was in the process of citing appellant for a seat belt violation and handing him a clipboard to sign the citation, he noticed appellant's right hand was made into a fist and was between his thigh and the passenger door. April 6, 2001 T. at 10-12, 14. Appellant kept his hand in this position and attempted to handle the clipboard with his left hand. Id. at 14-15. Appellant could not handle the clipboard comfortably, but kept his right hand hidden. Id. at 15. As a result, Trooper Darby became concerned for his safety. Id. Trooper Darby asked appellant "what he had in his hand" and appellant responded "nothing." Id. Appellant did not show or open his hand. Id. Based upon this behavior, Trooper Darby opened the door. Id. at 16.
Although appellant argues Trooper Darby did not see a weapon which he acknowledged on cross-examination (Id. at 38), we still find that under the circumstances, Trooper Darby was justified in opening the door. We base this finding on the Maryland holding cited supra and under the theory of officer safety. Trooper Darby asked appellant what was in his hand and appellant responded "nothing" and did not show his hand. Trooper Darby's reason for opening the door was officer safety. Id. at 39. Accordingly, we find no violation of appellant's Fourth Amendment rights.
 SEIZURE OF THE PACKET
Appellant argues the object thrown by him into the door's compartment was not readily apparent for visual observation. Arizona v. Hicks
(1987), 480 U.S. 321. In his brief at 6, appellant cites us to a discussion in Katz's Ohio Arrest, Search and Seizure (1999 Ed.) 250, Section 13.8. Although we agree with Professor Katz's observations, we find given Trooper Darby's testimony, he believed the item thrown prior to its seizure was crack cocaine:
 Based upon your experience and your years, what did you believe that the item in the cellophane was as you saw him drop it into the pouch of the vehicle?
That it was crack cocaine.
April 6, 2001 T. at 17.
The question is whether the "incriminating nature" of the object was readily apparent to Trooper Darby. Trooper Darby testified he believed the cellophane packet contained crack cocaine and when he observed appellant tossing the packet, he believed it to be cocaine and seized it so it could not be destroyed. Id. at 17, 37-40.
We find Trooper Darby's testimony establishes he had reason to believe the substance in the thrown cellophane packet was contraband. This articulation by Trooper Darby, coupled with the suspicious actions surrounding the seizure and the automobile exception to searches, satisfies any guarantees of the Fourth Amendment.
Assignments of Error I and II are denied.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed.
Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. Hon. John F. Boggins, J. concur.